No. 03-3488



UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

FEB 0 2 2004

LEONARD GREEN, Clerk

CLYDELL MACK,

    Plaintiff-Appellant,

v.

REGINALD A. WILKINSON; MONA PARKS,

    Defendants-Appellees.

O R D E R

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 01-107

Before: MERRITT and SUTTON, Circuit Judges; FEIKENS, District Judge.[*]

Clydell Mack, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

Seeking monetary and equitable relief, Mack sued the Director of the Ohio Department of Rehabilitation and Correction (Reginald Wilkinson) and the Health Care Administrator (Mona Parks) of the Southern Ohio Correctional Facility ("SOCF"). Mack claimed that the defendants were deliberately indifferent to his serious medical needs because they failed to provide him with Motrin for his back pain.

Upon review, the district court dismissed Mack's claim against defendant Wilkinson, with prejudice, because he failed to state a claim based on Wilkinson's supervisory authority. As a result, only Mack's claim against defendant Parks remained. Thereafter, the district court adopted a magistrate judge's recommendation to deny Parks's motion to dismiss Mack's complaint on

---

[*]The Honorable John Feikens, United States District Judge for the Eastern District of Michigan, sitting by designation.

procedural grounds. Subsequently, the magistrate judge filed a report recommending that the district court grant Parks's motion for summary judgment because the record reflected that Parks had provided Mack with at least some medical attention. The district court adopted the magistrate judge's recommendation and granted summary judgment to Parks.

Mack has filed a notice of appeal, essentially reasserting his deliberate indifference claim against Parks. He does not reassert his claim against Wilkinson. Mack has filed a motion for the appointment of counsel and for oral argument.

Initially, we note that Mack does not reassert on appeal his claim that Wilkinson was deliberately indifferent to his serious medical needs. Thus, this claim is considered abandoned and not reviewable. *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998).

Upon review, we conclude that the district court properly granted summary judgment to defendant Parks. We review de novo a district court's grant of summary judgment. *Davis v. Sodexho, Cumberland Coll. Cafeteria*, 157 F.3d 460, 462 (6th Cir. 1998). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *EEOC v. Prevo's Family Mkt., Inc.*, 135 F.3d 1089, 1093 (6th Cir. 1998).

Parks met this burden by establishing that she provided Mack with at least some medical treatment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Metro Communications Co. v. Ameritech Mobile Communications, Inc.*, 984 F.2d 739, 742 (6th Cir. 1993). In order to prevail on his claim, Mack must establish that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A plaintiff can show deliberate indifference by establishing that a defendant intentionally interfered with a prescribed course of treatment. *Id.* However, this court is reluctant to second guess medical judgments where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

A review of the record reflects that, upon Mack's transfer to the SOCF, his prescription for Motrin was automatically continued for thirty days. After the thirty days expired, the prescription was void, and any request for a renewal of the prescription required a doctor's order. Mack's prescription expired on July 14, 2000, and on July 17, 2000, he requested a refill. A nurse responded on July 18, 2000. On July 26, 2000, Mack went to the infirmary because of his back pain, and the nurse informed him that a referral slip had been filled out and forwarded to the doctor. On August 3, 2000, Mack again requested a refill for Motrin, and the nurse informed him that the request had been sent to Dr. Smith. The nurse provided Mack with Tylenol in the interim and suggested that he use warm, moist compresses on his back. On August 21, 2000, Mack again complained of not receiving any Motrin. The record reflects that the entire chart was then taken to the doctor's office. In response to Mack's inquiry, Defendant Parks notified Mack that his chart was on the doctor's desk for evaluation of his Motrin prescription, and she explained that the doctor had to determine what medications were appropriate. The doctor renewed Mack's prescription on August 23, 2000. This evidence clearly indicates that Parks was not deliberately indifferent to Mack's back pain, and that a request for the renewal for Motrin was sent to the doctor on more than one occasion. Moreover, Mack was provided Tylenol to help ease his back pain until the prescription for Motrin could be reviewed, and he was advised that he could ease his condition through the use of warm, moist compresses.

In the face of this evidence, Mack was required to present significant probative evidence in support of his complaint in order to defeat the defendant's well-supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *American Acad. of Ophthalmology, Inc. v. Sullivan*, 998 F.2d 377, 382 (6th Cir. 1993). The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence upon which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 252. Mack simply has not met this burden. Mack did not offer any allegations to rebut Parks's contention that she took

steps to provide him with at least some medical attention, and that she took the necessary steps to have his prescription for Motrin refilled. Hence, the district court properly granted summary judgment to the defendant.

Accordingly, we deny the pending motions and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

*[signature]*
Clerk